UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 FEB -6  PM 3:38

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INDICTMENT NO. |
| | ) |
| v. | ) 21 U.S.C. § 963 |
| | ) Conspiracy to Import Controlled |
| THOMAS MICHAEL FEDERUIK | ) Substances |
| a/k/a "CANADA1," and | ) |
| PAUL ANTHONY NICHOLLS | ) 21 U.S.C. § 846 |
| a/k/a "NICO LAESER" | ) Conspiracy to Distribute |
| | ) Controlled Substances |
| | ) |
| | ) 18 U.S.C. § 1956(h) |
| | ) Money Laundering Conspiracy |
| | ) |
| | ) FILED UNDER SEAL |

CR219-0006

THE GRAND JURY CHARGES THAT:

## COUNT ONE
*Conspiracy to Import Controlled Substances*
21 U.S.C. § 963

1.   Beginning at a time unknown to the Grand Jury but at least from in or about April 2017, continuing until on or about February 20, 2018, from the country of Canada, the defendants,

THOMAS MICHAEL FEDERUIK
a/k/a "CANADA1," and
PAUL ANTHONY NICHOLLS
a/k/a "NICO LAESER,"

aided and abetted by each other and others unknown, did knowingly and intentionally combine, conspire, confederate, and agree to import into Camden County, within the Southern District of Georgia, and elsewhere within the United States, a mixture and substance containing a detectable amount of U-47700, a

Schedule I controlled substance, a mixture and substance containing a detectable amount of U-49900, an analogue of U-47700, a Schedule I controlled substance, and 100 grams or more of a mixture and substance containing a detectable amount of any analogue of fentanyl, a Schedule II controlled substance, and death resulted from use of such substances.

## Overt Acts

2. Co-conspirators did possess with intent to distribute and distribute a mixture and substances containing detectable amounts of analogues of fentanyl, U-47700, and U-49900, within British Columbia, Canada, for the purposes of distributing them to the Southern District of Georgia and elsewhere within the United States.

3. Co-conspirators would and did attempt to conceal their activities by various means and methods including, but not limited to, using various telecommunication facilities designed to mask their identity. To ensure anonymity and to facilitate the conspiracy, co-conspirators used various alias names, monikers, bitmessage accounts, and email addresses including, but not limited to:

   a. Canada1,
   b. Sc13nC3,
   c. Sc13C33,
   d. Mehmehm3h
   e. Sc13nC3@protonmail.com,
   f. Sc13nC3-Sh0p@sigaint.org, and
   g. BM-2cUayqdMCqoaaJ3M2N9L5Mk4P5Tv6XjWQD.

4. Co-conspirators would and did use virtual currency systems, a/k/a "cryptocurrency," including but not limited to Bitcoin, as well as United States and Canadian Currency in their drug transactions.

5. Co-conspirators used computers and operated websites as Dark Web vendor "Canada1" in order to sell controlled substances and controlled substance analogues online using internet sites including, but not limited to, "Dream Market," specifically designed to be hidden from the public.

6. Co-conspirators arranged to obtain controlled substances and controlled substance analogues from places outside the United States including, but not limited to, China and Hungary. These substances were then distributed within the Southern District of Georgia and elsewhere within the United States.

7. Co-conspirators established and used business names based in Canada including, but not limited to, "East Van Eco Tours" and "Bridge City Consulting LLP" in order to facilitate the unlawful importation of controlled substances and controlled substance analogues into Canada and also to unlawfully import and distribute them throughout the United States.

8. Co-conspirators mailed a shipment of controlled substances and controlled substance analogues from within Canada on or about September 27, 2017 which were delivered to Kingsland, Georgia, on or about October 11, 2017.

9. The importation and distribution of controlled substances and controlled substance analogues resulted in the death of B.T.J. in Kingsland, Georgia, on or about October 11, 2017.

10. Co-conspirators mailed a shipment of controlled substances and controlled substance analogues from within Canada on or about October 6, 2017 which were delivered to Kingsland, Georgia, on or about October 13, 2017.

11. The importation and distribution of controlled substances and controlled substance analogues resulted in the death of T.L.B. in Kingsland, Georgia, on or about October 15, 2017.

All in violation of Title 21, United States Code Sections 813, 952, 960, and 963, and Title 18, United States Code, Section 2.

## COUNT TWO
*Conspiracy to Distribute Controlled Substances*
21 U.S.C. § 846

12. Paragraphs 1 through 11 of this Indictment are repeated and re-alleged as if set forth in full herein.

13. Beginning at a time unknown to the Grand Jury but at least from in or about April 2017, continuing until on or about February 20, 2018, from the country of Canada, the defendants,

**THOMAS MICHAEL FEDERUIK**
a/k/a "CANADA1," and
**PAUL ANTHONY NICHOLLS**
a/k/a "NICO LAESER,"

aided and abetted by each other and others unknown, did knowingly and intentionally combine, conspire, confederate, and agree to distribute a controlled substance in Camden County, within the Southern District of Georgia, and elsewhere within the United States, to wit: a mixture and substance containing a detectable amount of U-47700, a Schedule I controlled substance, a mixture and substance containing a detectable amount of U-49900, an analogue of U-47700, a Schedule I controlled substance, and 100 grams or more of a mixture and substance containing a detectable amount of any analogue of fentanyl, a Schedule II controlled substance, and death resulted from the use of such substances.

All in violation of Title 21, United States Code, Sections 813, 841, and 846, and Title 18, United States Code, Section 2.

## COUNT THREE
*Money Laundering Conspiracy*
21 U.S.C. § 1956(h)

14. Paragraphs 1 through 13 of this Indictment are repeated and re-alleged as if set forth in full herein.

15. Beginning at a time unknown to the Grand Jury but at least from in or about April 2017, continuing until on or about February 20, 2018, in Camden County, within the Southern District of Georgia, the defendants,

**THOMAS MICHAEL FEDERUIK**
a/k/a "CANADA1," and
**PAUL ANTHONY NICHOLLS**
a/k/a "NICO LAESER,"

aided and abetted by each other and others unknown, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree with others unknown to the grand jury, to knowingly and intentionally conduct and attempt to conduct financial transactions knowing that the property involved in the financial transactions represented the proceeds of a specified unlawful activity, that is, importation and distribution of controlled substances and controlled substance analogues, and did so with the intent that the financial transactions, which affected interstate and foreign commerce, promote the carrying on of a specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a) and (h) and Section 2.

## FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of any offense in violation of Title 21, United States Code set forth in this Indictment, Defendants

**THOMAS MICHAEL FEDERUIK**
**a/k/a "CANADA1," and**
**PAUL ANTHONY NICHOLLS**
**a/k/a "NICO LAESER,"**

shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

If, as a result of any act or omission of a defendant, any of the property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of this Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A

Fo

*Signatures on Following Page*

Case 2:19-cr-00006-LGW-BWC   Document 3   Filed 02/06/19   Page 9 of 9

Bobby L. Christine  
United States Attorney

Brian T. Rafferty  
Assistant United States Attorney  
Chief, Criminal Division

Frank M. Pennington, II  
Assistant United States Attorney  
Lead Counsel *

E. Greg Gilluly, Jr.  
Assistant United States Attorney  
Co-counsel*

9