# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>PAUL ANTHONY NICHOLLS,<br><br>   Defendant. | 2:19-CR-006-2 |

### ORDER

The trial of this case began on January 20, 2026. Prior to trial, the Government filed notice of its intent to introduce hearsay evidence under the residual hearsay exception in Federal Rule of Evidence 807, and Defendant responded. Dkt. Nos. 75, 82. In the reply that followed, the Government interpreted Defendant's response to be a motion to exclude and responded accordingly. Dkt. No. 85. To the extent Defendant intended this response to be a motion to exclude, dkt. no. 82, that motion is **DENIED**, allowing the Government to proffer the disputed testimony at trial.

### BACKGROUND

On January 13, 2026, the Government filed a notice of its intent to introduce hearsay evidence at trial as contemplated by the residual hearsay exception in Federal Rule of Evidence 807. Dkt. No. 75. There, the Government notes its intent to introduce two hearsay statements at trial through witness Asia Bell, sister

of deceased victim Ty Bell. Id. at 1. First, the Government states that Ms. Bell will testify that Ty visited her home in the days before his death, Ms. Bell saw Ty use nasal spray, and "Ty told Asia that the nasal spray contained fentanyl and that he had ordered it online." Id. Second, the Government indicates that Ms. Bell will testify that "Ty also told Asia that Brian Jarrell [another deceased victim] had recently left his (Jarrell's) family at Disney World to return to Kingsland to pick up a package that had been delivered to Ty's house." Id.

On January 15, 2026, counsel for Defendant filed a response to the Government's notice, arguing that the two hearsay statements are not admissible under Rule 807. Dkt. No. 82. The Government then replied. Dkt. No. 85. There, the Government retracted its notice with respect to the second hearsay statement – the statement about Brian Jarrell leaving his family at Disney World to pick up a package at Ty's house.[1] Id. at 1 n.1. However, the Government argues that the remaining hearsay evidence should be admitted. Id. at 2. Further, the Government notes that it interpreted Defendant's response to its notice to be a motion to exclude and formatted its reply as such. Id. at 1.

---

[1] Because the Government retracted its notice with respect to this statement, any reference to "the disputed hearsay evidence" throughout this Order is referring only to Asia Bell's testimony that "Ty told Asia that the nasal spray contained fentanyl and that he had ordered it online." Dkt. No. 75 at 1; Dkt. No. 85 at 1 n.1.

2

**DISCUSSION**

Defendant's response to the Government's motion, dkt. no. 82, can be properly construed as a motion to exclude the hearsay evidence. Because the disputed evidence is admissible under the Federal Rules of Evidence, that motion is **DENIED**. Id. Though the parties dispute whether the evidence should be admitted pursuant to Rule 807's residual hearsay exception, the disputed hearsay evidence is more properly admitted as a statement against interest under Rule 804(b)(3). Fed. R. Evid. 804; see also Dkt. Nos. 75, 82, 85. However, even if the disputed hearsay statement did not qualify as a statement against interest, it is nonetheless admissible under Rule 807's residual exception.

I. **Defendant's response to the Government's Rule 807 notice can be properly interpreted as a motion to exclude the evidence.**

As a preliminary matter, it is proper to construe Defendant's response as a motion to exclude the hearsay evidence. This Court has construed a document as a motion based on the contents of that filing, even if the filing party did not explicitly state their intent to file such a motion. See United States v. Hatterer, No. 4:19-CR-66, 2023 WL 4297596, at *1 (S.D. Ga. June 30, 2023) (construing various materials as motions filed by defendant). Here, the end of Defendant's response "respectfully requests that the Court exclude the proposed hearsay testimony." Dkt. No. 82 at 2. This falls squarely within the definition of a motion in limine,

which this Court has defined as "a motion to exclude or admit anticipated evidence before the evidence is actually offered." United States v. Robinson, No. CR422-151, 2025 WL 1149310, at *1 (S.D. Ga. Apr. 17, 2025) (quoting Bryan v. City of Orlando, 2024 WL 4664347, at *1 (M.D. Fla. Nov. 4, 2024) (internal quotation marks and citations omitted)). Accordingly, given the clear request to exclude evidence made before the evidence is offered, it is proper to construe this response as a motion to exclude the evidence.

II. **The disputed hearsay evidence is admissible.**

   A. **The disputed hearsay evidence is admissible as a statement against interest, eliminating the need to rely on Rule 807.**

The residual exception in Rule 807 applies only when none of the specific hearsay exceptions in Rules 803 and 804 warrant admission of the evidence. Fed. R. Evid. 807. When Rule 807 was amended in 2019, the Committee provided in its "Notes" guidance regarding the interactions between Rule 807 and the "specific" hearsay exceptions in Rules 803 and 804. See Fed. R. Evid. 807 advisory committee's note to 2019 amendment. There, the Committee notes that a court need not make a specific finding that no other hearsay exception is applicable, but a party may not proceed *directly* to Rule 807 without considering whether the other exceptions in Rules 803 and 804 apply. Id. Further, the Committee's notes state that "the opponent cannot seek admission under Rule

4

807 if it is apparent that the hearsay could be admitted under another exception." Id.

Here, while the parties primarily disagree about whether the disputed hearsay evidence can be admitted under Rule 807, the Court need not reach that issue. Dkt. Nos. 75, 82, 85. Rather, the evidence is admissible under Rule 804(b)(3) as a statement against interest.[2] To be admissible under Rule 804(b)(3)—which extends to statements against one's *penal* interest—a statement "must satisfy three elements: (1) the declarant [must be] unavailable; (2) the statement so far tends to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true; and (3) the statement is corroborated by circumstances clearly indicating its trustworthiness." United States v. Westry, 524 F.3d 1198, 1214 (11th Cir. 2008) (internal quotation marks omitted).

In the disputed hearsay evidence, Ty Bell allegedly admitted to his sister in casual conversation that he ordered nasal spray online, and that spray contained fentanyl. Dkt. No. 75 at 1. In Westry, the Eleventh Circuit analyzed a similar situation involving a declarant admitting to purchasing and using drugs, and

---

[2] The Government notes in its reply that the evidence is "akin to a statement against interest." Dkt. No. 85 at 2–3. However, the Government does not explain in its briefing why it believes this evidence does not fit within Rule 804(b)(3)'s "statement against interest" exception. Id.

5

the court concluded that the statement was admissible under Rule 804(b)(3). 524 F.3d 1198, 1214–16. There, the declarant, speaking to his first cousin—with whom he had a close relationship—admitted that he "wait[ed] for cocaine" at a home, which the court characterized as a "serious crime." Id. The court noted that, initially, based on the declarant's close relationship with his cousin, "it would appear that [the declarant] would not have believed his statements would subject him to criminal liability." Id. However, the court then stated that "that the mere fact that the recipient of the information was a confidante of the declarant does not rule out admissibility of a statement as against interest." Id. (citing United States v. Bagley, 537 F.2d 162, 165 (5th Cir. 1976); United States v. Mock, 640 F.2d 629, 631 (5th Cir. 1981); United States v. Harrell, 788 F.2d 1524, 1527 (11th Cir. 1986); United States v. Costa, 31 F.3d 1073, 1078–79 (11th Cir. 1994)). The court concluded that a reasonable man would not admit to such a serious crime, "knowing there was a chance, albeit slight, that the admission could be used to subject him to severe penalties." Id. (citations omitted).

In light of this caselaw, the Court holds that the requirements for a statement against the declarant's penal interest have been met. First, the declarant, Ty Bell, is deceased, making him unavailable. Dkt. No. 75 at 1; Fed. R. Evid. 804(a)(1). Next, the Court must consider whether the statements are

6

corroborated by circumstances clearly indicating their trustworthiness. Westry, 524 F.3d at 1215. On this point, the Government further corroborated the likely truthfulness of Ty's statement by filing twenty-two attachments with its reply which display the broader circumstances of the disputed statement. Dkt. Nos. 85-1–22. This includes, among other exhibits, forensic analysis of the powder and straws found at Ty's scene of death; shipping and delivery information tracking various packages allegedly shipped from Vancouver, Canada to Ty's address; photos of similar packages found at the death scenes, post-mortem toxicology reports; photos of the Defendant and his alleged co-conspirator in various locations intended to ship packages; and photos of "dark web" pages allegedly attributable to Defendant Nicholls, which list fentanyl nasal spray as an available product. Dkt. Nos. 85-2, 85-6, 85-7, 85-10, 85-11, 85-12. In summary, this corroborating evidence, as noted by the Government, tends to show that (1) Ty had been buying illegal drugs online from the source attributed to Nicholls and his co-conspirator around the time of his conversation with his sister, and (2) this source sold nasal spray bottles with fentanyl–falling in line with both of the relevant aspects of the disputed hearsay testimony. Dkt. No. 85 at 8; Dkt. No. 75 at 2. As a result, the Government presented sufficient corroborating circumstances to satisfy the trustworthiness element.

7

Finally, as summarized by the Government, Ty admits in the statement to "buying and using drugs from the dark web," which could subject him to criminal liability. Dkt. No. 85 at 2. Though the Government notes that this was a statement "from a brother to a sister, who admits that she herself was a drug user at the time and who was therefore an appropriate confidante for such a statement," a statement admitting to drug purchase and use, even when made to a "confidante" who also uses drugs, can still suffice as a statement against one's penal interest because of the chance that this admission could open the declarant up to criminal liability. Id. at 2–3; see Westry, 524 F.3d at 1208, 1214 (concluding that statement admitting purchase of cocaine was admissible as a statement against declarant's penal interest, even where recipient was declarant's first cousin who also purchased cocaine from the same place).[3] As a result of this inquiry, the disputed hearsay evidence is admissible under Rule 804(b)(3), even though the parties primarily dispute Rule 807. Dkt. Nos. 75, 82, 85.

---

[3] When asked about Rule 804(b)(3), the Government stated that it believed this exception did not apply because Ty's statement was to his sister, who had admitted to having similar drug habits. However, the Eleventh Circuit's opinion in Westry undermines the assumption that a statement to a family member or "confidante" cannot be against the declarant's interest. 524 F.3d at 1208, 1214.

8

### B. If the disputed hearsay evidence could not be admitted as a statement against interest, it is nonetheless admissible under Rule 807.

Even if the disputed hearsay was not specifically covered by another exception, the Government has set forth sufficient information for Rule 807's residual hearsay exception to apply. Rule 807 allows the Court to admit certain hearsay evidence that would otherwise be inadmissible if it determines that:

> (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered that any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of these rules and the interest of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807. The party seeking to utilize such evidence must "give[] an adverse party reasonable notice of the intent to offer the statement. Id. The Eleventh Circuit "has identified five elements a party must establish before evidence can be admitted under Rule 807: (1) the evidence is particularly trustworthy; (2) the evidence bears on a material fact; (3) the evidence is the most probative evidence addressing that fact; (4) admission of the evidence would be consistent with the rules of evidence and advance the interests of justice; and (5) adequate notice has been provided to the adverse party." United States v. Doe, No. CR 4:10-045, 2010 WL 2195993, at *1 (S.D. Ga. June 1, 2010) (citing United States v. Rodriguez, 218 F.3d 1243, 1246 (11th Cir. 2000)). Congress "intended the residual hearsay exception to be used very rarely,

9

and only in exceptional circumstances." <u>Rivers v. United States</u>, 777 F.3d 1306, 1312 (11th Cir. 2015) (quoting <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1279 (11th Cir. 2009)). Accordingly, the exception "appl[ies] only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." <u>Id.</u> (quoting <u>Mazer</u>, 556 F.3d at 1279 (alteration in original)).

After reviewing the Government's notice, Defendant's response, and the Government's reply, the Court holds that the disputed hearsay statements would be admissible under Rule 807 if no other specific hearsay exception applied. Dkt. Nos. 75, 82, 85. Pursuant to this rule, the Government filed its notice outlining the hearsay evidence it intended to proffer, and the parties do not dispute the sufficiency of that notice. <u>See generally</u> Dkt. Nos. 75, 82, 85. Instead, the primary dispute on Rule 807 admissibility centers on (1) whether the hearsay evidence exhibits the necessary "guarantees of trustworthiness" to warrant admission, and (2) whether the evidence is more probative on the point for which it is offered than other evidence that can be acquired with reasonable effort. Dkt. No. 82 at 1–3; Dkt. No 85 at 2–10.

### i. The disputed hearsay evidence exhibits sufficient guarantees of trustworthiness.

The disputed hearsay evidence carries sufficient guarantees of trustworthiness because its contents and surrounding circumstances tip the scales in favor of truth. The central inquiry on this point is whether the "declarant's original statements now being offered in court have guarantees of trustworthiness given the circumstances under which they were first made." Rivers v. U.S., 777 F.3d 1306, 1313 (11th Cir. 2015). In this analysis, courts are to focus on the trustworthiness of the declarant who originally uttered the statement, not the witness reciting the statements in court. Id.

To be sufficiently trustworthy under a Rule 807 analysis, evidence must have more than "circumstantial guarantees of trustworthiness." Id. at 1314. Instead, such guarantees must be "equivalent to cross-examined former testimony, statements under a belief of impending death, statements against interest, and statements of personal or family history." Id. (quoting United States v. Fernandez, 892 F.2d 976, 980 (11th Cir 1990)). At their core, these categories of hearsay, because of the circumstances under which they are made, "have attributes of trustworthiness not possessed by the general run of hearsay statements that tip the balance in favor of introducing the information if the declarant

11

is unavailable to testify." Id. (quoting Fernandez, 892 F.2d at 980).

As noted above, it is likely that Ty's admission that he purchased fentanyl nasal spray online is admissible as against his penal interests. Dkt. No. 75 at 1. However, if the statement did not meet the requirements for admission under the "statement against interest" exception itself, it is likely that this qualifies as a "near-miss" case.[4] Westry, 524 F.3d at 1208. The Committee, again in its notes published pursuant to the 2019 amendments to the Federal Rules of Evidence, states that "a court assessing guarantees of trustworthiness may consider whether the statement is a "near-miss" of one of the Rule 803 or 804 exceptions." See Fed. R. Evid. 807 advisory committee's note to 2019 amendment. Thus, even if the circumstances suggest that a reasonable person in Ty's position would not have viewed his statement to be against his penal interest for Rule 804(b)(3)

---

[4] The Eleventh Circuit rejected the "near-miss" theory of Rule 807 in U.S. v. Deeb, 13 F.3d 1532, 1537 (11th Cir. 1994). However, this was well before the 2019 amendment to Rule 807 and associated comments, which provide for such consideration. The court has since recognized changes to Rule 807 made pursuant to these amendments. Carrizosa v. Chiquita Brands Int'l, Inc., 47 F.4th 1278, 1326 (11th Cir. 2022) (citing 30B Bellin, Fed. Prac. & Proc.: Evid. at § 7063); see also 30B Bellin, Fed. Prac. & Proc.: Evid. at § 7063 ("The 2019 Amendment . . . preserves the . . . move away from any suggestion that a near miss with another hearsay exception bars admissibility under Rule 807.").

purposes, the Court can consider that, like a statement against interest, "buying and using drugs from the dark web is not the sort of thing people tend lie about, except perhaps to say that they do not do that." Dkt. No. 85 at 3.

Finally, as noted above, the Government further corroborated the likely truthfulness of Ty's statement by filing with its reply twenty-two attachments related to Ty's alleged purchase of fentanyl products. Dkt. Nos. 85-1–22; Rivers, 777 F.3d at 1316 (noting that corroborating evidence does not automatically make hearsay admissible under Rule 807 but accounting for whether such evidence exists); see also United States v. Lang, 904 F.2d 618, 624 (11th Cir. 1990) ("[C]orroborating evidence must be extraordinarily strong before it will render the hearsay evidence sufficiently trustworthy to justify its admission."). This evidence corroborates both elements of the disputed hearsay statement—the statement that Ty's nasal spray contained fentanyl and the statement that Ty bought this nasal spray online. Dkt. No. 75 at 1. As such, the disputed hearsay evidence carries the requisite guarantees of trustworthiness required under Rule 807.

> ii. **The disputed hearsay evidence is more probative for the point for which it is offered than other available evidence.**

Second, the disputed hearsay evidence is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," in light of the

13

Government's explanation of the purpose for which it seeks to use this evidence. Fed. R. Evid. 807(a)(2); Dkt. No. 85 at 8–10. Defendant's primary concern on this issue is that the Government will use this testimony to "establish that the substance at issue was allegedly fentanyl and to prove the source of the substance," which can be proven by other, "more reliable forms of evidence, such as toxicology results, evidence reflecting online purchases, and shipping or delivery records." Dkt. No. 82 at 2. On the other hand, the Government states that it seeks to use this evidence for a different purpose: "to establish that what was in at least one of the earlier, similar packages delivered to Ty's house was nasal spray from [Nicholls and his alleged co-conspirator], and, relatedly, to provide an explanation for the source of the substances that were detected in Ty's and [the second victim's] bloodstreams but were not detected in the drug evidence gathered from the scenes of their deaths." Dkt. No. 85 at 9.

More specifically, throughout the months leading up to the victims' deaths, a series of packages—which the Government seeks to attribute to the Defendant's scheme—were delivered to the victims. Id. at 5 (citing Dkt No. 85-2 at 3). Some, but not *all* of those packages were collected from the scenes of their deaths and tested for their contents. Id. at 9. Now, the Government states that it does not have in its possession *any* other evidence regarding what was in "the earlier, similar packages shipped to

14

Ty's house from Canada," as these packages could not be located and tested. Id. The Government has toxicology reports, records of online purchases, and delivery records—none of which weigh on what those earlier packages contained. Dkt. No. 85 at 4, 6; Dkt. No. 85-6; Dkt. No. 85-7. Accordingly, because the Government does not have any other evidence probative on the point for which it will be offered, and Defendant has not presented argument that evidence of the packages' contents may be found through "reasonable efforts," the Court holds that the requirements of Rule 807 are met. Fed. R. Evid. 807. As such, even if the Court were to disregard the specific exceptions in Rules 803 and 804, the disputed evidence would remain admissible under the residual exception in Rule 807.

## CONCLUSION

In sum, the disputed hearsay evidence described in the Government's notice is admissible under the Federal Rules of Evidence. As a result, Defendant's motion to exclude is **DENIED.**

**SO ORDERED** this 23rd day of January, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15