# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>PAUL ANTHONY NICHOLLS,<br><br>    Defendant. | 2:19-CR-00006-LGW-BWC-2 |

### ORDER

The trial of this case began on January 20, 2026. During its case in chief, the Government sought to introduce Government's Exhibits 170 and 171, both of which were business reports from the British Columbia Registry Services (the "BC Registry"). For the reasons set forth below, both Exhibit 170 and Exhibit 171 were properly admitted under the Federal Rules of Evidence.

### BACKGROUND

At trial, the Government called witness Warren Krahenbill, a member of the Royal Canadian Mounted Police whose team focused on policing the dark web. Through Mr. Krahenbill's testimony, the Government sought to admit and publish two pieces of evidence, labeled Government's Exhibits 170 and 171, from the BC Registry. The first document, Exhibit 170, is a "sole proprietorship summary" for a business entity named "4Corners Services." Tr. Ex. 170. This document includes business registration information, the business

address, and the registrant's name. Tr. Ex. 170. The second exhibit, Government's Exhibit 171, is a "BC Company Summary" for an entity labeled "0871920 B.C. LTD." Tr. Ex. 171. This report includes office and director information. Id.

The Defense objected to the admission of this document on both authentication and hearsay grounds.[1] The Government then asked a series of additional questions to attempt to authenticate the documents. During this line of questioning, Mr. Krahenbill stated the following:

- The BC Registry Service is an official database of businesses held by the British Columbia government;
- Mr. Krahenbill had extensive first-hand experience with the Registry because he had registered his own private business and maintained a paid subscription with the government to access its official registry;
- Mr. Krahenbill had detailed personal knowledge of the BC Registry's creation and maintenance of business reports because he previously registered his own business and continues to re-register that business each year;
- Mr. Krahenbill had utilized similar business-registration documents from the BC Registry "dozens if not hundreds of times" in other investigations conducted by his agency; and

---

[1] The Defense, when Mr. Krahenbill was re-called at trial, also objected to the admission of "hearsay within hearsay" in Exhibits 170 and 171. To mitigate concerns that any out-of-court statements contained in the business reports would be used to prove the truth of the matter asserted, the Court instructed both the attorneys and the jury on this issue. In its limiting instruction to the jury, the Court clarified that Exhibits 170 and 171 are admitted for the "limited purpose of proving that the forms contain the information shown" and should be considered only for that limited purpose. The Court also clarified this limited purpose with the parties before closing arguments were made. Both parties confined any mention of these documents to the limited purpose permitted by the instruction.

2

- By virtue of this personal experience, in conjunction with the fact that the BC Registry documents are held by the BC Government, Mr. Krahenbill found the documents to be both reliable and accurate.

As a result of this foundational testimony, and over the same objection, the Court admitted the first document, Exhibit 170.

When the Government, still questioning the same witness, sought to admit Exhibit 171, Defense lodged the same hearsay and authentication objections. At sidebar, counsel for the Government revealed that he intended to rely upon the two documents for their substance—that is, to argue that the documents' contents are, indeed, true—and counsel for the Defense expressed concern about whether the witness was qualified to testify to how information was submitted to the BC Registry or the information's maintenance. At the same time, the Government argued at trial that these documents could be properly authenticated as government documents or business records.[2]

---

[2] The Government subsequently filed a supplemental brief, pointing only to the "public records" exception in Federal Rule of Evidence 803(8). Dkt. No. 87. Because these documents can be properly admitted under the business records exception, the Court need not reach this issue. While the business records exception may not be used as a "back door" to admit evidence barred by the public records exception, such as "those matters observed by police officers and other law enforcement personnel" in a criminal case, the business records at play in this case do not fall within this category. U.S. v. Brown, 9 F.3d 907, 911 (11th Cir. 1993). As such, application of the business records exception is a viable means through which these Exhibits may be admitted.

Before ruling on this issue at trial, the Court ordered the Government to move on from the disputed exhibits, allowing the Government to, later, re-call Mr. Krahenbill should it find authority supporting his status as a qualified witness. The next day, the Court allowed the Government to revisit the reserved portion of Mr. Krahenbill's testimony. There, the Court determined that Exhibits 170 and 171 were admissible, but only for the limited purpose of showing what the records consisted of—not to prove the truth of the content. On cross examination, the Defense was permitted to establish that although the records exist, they do not show who actually created them, nor do they show that the information contained within them is accurate. That is, anyone could input the information onto the forms.

## DISCUSSION

The BC Registry reports are admissible under the "business records exception" in Federal Rule of Evidence 803(6). Based on the parties' arguments, the primary dispute is whether Mr. Krahenbill, who had extensive personal experience with the BC Registry reporting system as a business owner but was neither a custodian of the records nor an employee of the BC Registry, was a "qualified witness" whose testimony could form a basis to admit hearsay under the business records exception.

Generally, hearsay is not admissible under Federal Rule of Evidence 802. However, the "business records exception" in Federal

4

Rule of Evidence 803(6) allows courts to admit a record of an act, event, condition, opinion, or diagnosis if the proponent establishes all of the following elements:

- (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
- (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
- (C) making the record was a regular practice of that activity;
- (D) all these conditions are shown by the testimony of the custodian or *another qualified witness*, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
- (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (emphasis added).

The Eleventh Circuit defines a "qualified witness" as "one who can explain the system of record keeping and vouch that the requirements of Rule 803(6) are met." Carrizosa v. Chiquita Brands Int'l, Inc., 47 F.4th 1278, 1299 (11th Cir. 2022) (quoting Curtis v. Perkins, 781 F.3d 1262, 1268 (11th Cir. 2015)). A qualified witness "need not be the [individual] whose first-hand knowledge was the basis of the facts sought to be proved." Id. (quoting United States v. Bueno-Sierra, 99 F.3d 375, 379 (11th Cir. 1996)). Rather, the phrase "qualified witness" is "given a very broad interpretation" under Eleventh Circuit caselaw. Id. (citing 5 Weinstein's Fed. Evid. § at 803.08[8][a] ("The phrase [a ']qualified witness' is given a very broad interpretation. The

5

witness need only have enough familiarity with the record-keeping system of the entity in question to explain how the record came into existence . . . . In fact, the witness need not even be an employee of the record-keeping entity[.]"))). Finally, to be admitted under this exception, "the person who actually prepared the documents need not have testified so long as other circumstantial evidence and testimony suggest their trustworthiness." U.S. v. Parker, 749 F.2d 628, 633 (11th Cir. 1984) (citing Itel Cap. Corp. v. Cups Coal Co., 707 F.2d 1253, 1259 (11th Cir. 1983)).

In Carrizosa, the Eleventh Circuit held that the district court erred when it refused to admit an indictment from the Colombian legal system, despite a declaration from an individual—a Colombia lawyer and law school Human Rights Clinic Director—which detailed the investigative and judicial procedures underlying such indictments. 47 F.4th at 1298-1300. The individual providing the declaration–though he was not the creator of the indictment, an employee of the governmental organization tasked with preparing such indictments, or the indictment's custodian– was nonetheless "qualified" because he was "deeply familiar" with the indictment's preparation process and the legal framework behind it. Id. at 1300.

Here, the Government's witness has similar qualifications, warranting admission of Exhibits 170 and 171 under Rule 803(6).

6

While Mr. Krahenbill did not prepare the reports in question himself, he is deeply familiar with the types of reports offered by the Government through his own experience utilizing many similar reports in prior investigations. He also displayed deep familiarity with the process undertaken to prepare such reports, again, through his over experience registering, re-registering, and retrieving such reports from a Canadian governmental agency. Because Mr. Krahenbill has personal experience preparing business reports for his own business and has utilized many similar documents in other investigations, and he testified about the BC Registry's creation and continued storage of such reports, Mr. Krahenbill falls within the Eleventh Circuit's broad definition of a "qualified witness" for Rule 803(6)(D) purposes. See Carrizosa, 47 F.4th at 1299. Accordingly, because Mr. Krahenbill, in his capacity as a qualified witness, testified to each requirement element of the business records exception, Exhibits 170 and 171 were properly admitted at trial. Their usage was appropriately confined to testimony about their existence.

## CONCLUSION

For the reasons contained in this Order, Government's Exhibits 170 and 171 were properly admitted into evidence despite Defendant's objections.

**SO ORDERED** this 29th day of January, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA